IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ANDRES CHAN-ITZEP, *Petitioner*, | § | |
| v. | § | No. 1:26-CV-02364-DAE |
| COLLINS, *et al*., *Respondents*. | § | |

ORDER

Before the Court is Petitioner Andres Chan-Itzep's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. # 1). The Court finds this matter suitable for disposition without a hearing. After careful consideration of the parties' briefings and the relevant law, the Court **GRANTS** the Petition for Writ of Habeas Corpus (Dkt. # 1) for the reasons that follow. [1]

[1] The Court is aware of the Fifth Circuit's July 21, 2026 Order granting the government's request to "issue a precedential order staying the district courts' judgments pending en banc review" of the panel's now-vacated opinion holding that certain applicants for admission can only be mandatorily detained for 90 days under 8 U.S.C. § l225(b)(2)(A) without a bond hearing. Sosnava Rodriguez v. Ortega, No. 26-50183, Dkt. No. 178-1 at 13 (5th Cir. July 10, 2026); see Sosnava Rodriguez v. Ortega, --- F.4th ---, 2026 WL 2104747 (5th Cir. July 21, 2026) (en banc). In issuing its ruling in this case, the Court has no intention of ignoring or in any way circumventing the Fifth Circuit's Order. However, after careful consideration, the Court finds persuasive the reasoning of sister courts in this District that the interim stay order does not prohibit its continued resolution of pending immigration habeas petitions on due process grounds. See Tiquiram, v.

Warden, Dilley Immigr. Processing Ctr., et al., No. SA-26-CV-04473-OLG, 2026 WL 2242499, at *1 n.1 (W.D. Tex. July 31, 2026) (collecting cases); Guerra Estrada v. De Anda Ybarra, No. EP-26-CV-1897-KC, 2026 WL 2168090, at *2 (W.D. Tex. July 28, 2026) (same).

First, although the Fifth Circuit's Order stayed the three judgments before it on appeal, Sosnava Rodriguez, 2026 WL 2104747 at *1, it does not expressly cover matters outside of those involved directly in the appeal. Second, an interim stay order "'does not make or signal any change to the law' and 'is not a ruling on the merits.'" Guerra Estrada, 2026 WL 2168090, at *1 (quoting Merrill v. Milligan, 142 S. Ct. 879, 879 (2022) (Kavanaugh, J., concurring) (citation modified)). And "insofar as the interim stay order is precedential, it 'was issued without any explanation [or] analysis whatsoever,' making it impossible to determine its meaning and scope." Tiquiram, 2026 WL 2242499, at *1 n.1 (quoting Guerra Estrada, 2026 WL 2168090, at *1). Like its sister courts, this Court "declines to infer directives of constitutional magnitude from the Fifth Circuit where none have been given." See Camacho v. Dep't of Homeland Sec., No. EP-26-CV-01717-DB, 2026 WL 2137156, at *3 (W.D. Tex. July 24, 2026).

The Court is also aware of the Fifth Circuit's August 27, 2026 Order granting the government's request for a written "opinion that confirms the controlling effect of the Rodriguez stay order" and a stay of "the district court's judgments pending appeal" in a separate case, Tolentino-Rodriguez v. Blanche, No. 26-20424, Dkt. # 12 at 12 (5th Cir. August 20, 2026). The Fifth Circuit Panel thereafter issued an Order in Tolentino-Rodriguez similar to its July 21, 2026 Order in Sosnava Rodriguez, granting the government's stay motion without analysis or explanation. Tolentino-Rodriguez v. Blanche, No. 26-20424, Dkt. # 32-1. While the Court once again does not intend in any way to subvert this Order, its reasoning as to the scope of the July 21, 2026 Order applies to this more recent development as well. The Court reads the August 27, 2026 Order as staying only the cases on appeal and declines to speculate further on the breadth of the Order. In the absence of any order from the Fifth Circuit preventing it from doing so, the Court must resolve the cases before it. See, e.g., Marchan Marchan v. Warden, No. 1:26-cv-2299-RP, 2026 WL 2582600 (W.D. Tex. Aug. 28, 2026) (continuing to grant petitions following the August 27, 2026 Order in Tolentino-Rodriguez); Gelman v. Lyons, No. 5:26-cv-278-FB (W.D. Tex. Sep. 2, 2026) (same).

Finally, as its sister courts have observed, see supra, this Court is duty-bound to promptly resolve writs of habeas corpus. Harris v. Nelson, 394 U.S. 286, 291

FACTUAL BACKGROUND

Petitioner Andrew Chan-Itzep is a citizen of Guatemala who is currently being detained at the T. Don Hutto Detention Center in Taylor, Texas. (Dkt. # 1 at 5.) Around the summer of 2019, Petitioner entered the United States without inspection as an unaccompanied minor. (Id. at 6.) At some point, he was detained by immigration authorities and placed with the Office of Refugee Resettlement. (Id.) That office released him to his older brother on July 19, 2019. (Id.; Dkt. # 1-1 at 4.) Since then, he has resided continuously in the United States. (Dkt. # 1 at 7.)

In his over seven years in the country, Petitioner has built a life here. Petitioner filed an I-589 asylum application in 2022, and he has work authorization and a driver's license. (Id. at 6.) He has steady employment and works as a grade checker in the construction industry. (Id.) He is also now married to a United

---

(1969) (the writ of habeas corpus "must not be allowed to founder in a procedural morass" (citation modified)); see 28 U.S.C. § 2243 ("A court . . . entertaining an application for a writ of habeas corpus shall *forthwith* award the writ or issue an order directing the respondent to show cause why the writ should not be granted." (emphasis added)). The notion that this Court must now halt *any and all* action in the hundreds of habeas cases challenging mandatory detention under § 1225(b)(2)(A) based on mere speculation is untenable and the Court declines to do so.

As such, the Court will proceed with its resolution of such challenges "until told to do otherwise." Guerra Estrada, 2026 WL 2168090, at *2 (citation modified) (collecting cases).

States citizen, and she has filed an I-130 Petition on his behalf which remains pending. (Id.) Finally, he has no criminal history. (Id.)

On August 1, 2026, Petitioner was detained after a traffic stop. (Id.) He alleges that ICE officers noticed him while at a gas station on his way to work, and that the officers followed him and pulled him over based on his skin color. (Id.) Petitioner was then taken into custody and transferred to the T. Don Hutto Detention Center, where he remains detained without the opportunity for a bond hearing. (Id. at 6–7.)

## PROCEDURAL HISTORY

On August 28, 2026, Petitioner filed his habeas petition. (Dkt. # 1.) On September 4, 2026, this Court ordered Respondents Charlotte Collins, Warden, T. Don Hutto Detention Center; Markwayne Mullin, Secretary of the U.S. Department of Homeland Security; and Todd Blanche, Attorney General of the United States (collectively, "Respondents") to show cause within three days as to why the petition should not be granted. (Dkt. # 3.) Respondents Todd Blanche and Markwayne Mullin (herein, "Federal Respondents")[2] timely filed a response to the Petition on September 8, 2026. (Dkt. # 5.)

[2] Respondent Charlotte Collins, Warden of the T. Don Hutto Detention Center, has not joined the response.

## LEGAL STANDARD

A district court may grant a writ of habeas corpus if a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. The habeas petitioner "bears the burden of proving that he is being held contrary to law; and because the habeas proceeding is civil in nature, the petitioner must satisfy his burden of proof by a preponderance of the evidence." Villanueva v. Tate, No. CV H-25-3364, 2025 WL 2774610, at *4 (S.D. Tex. Sept. 26, 2025) (internal citation and quotations omitted). "A court considering a habeas petition must 'determine the facts, and dispose of the matter as law and justice require.'" Id. (quoting 28 U.S.C. § 2243).

## DISCUSSION

In his Petition, Petitioner challenges his mandatory detention as a violation of his Fifth Amendment due process rights. (Dkt. # 1 at 17.)

### I. Subject Matter Jurisdiction

As an initial matter, the Court finds that it has jurisdiction over this case for the same reasons stated in previous orders. Campuzano v. Noem, No. 1:25-cv-1715-DAE, 2026 WL 90062 (W.D. Tex. Jan 6, 2026); Fabian-Granados v. Bondi, No. 1:25-cv-2068-DAE, 2026 WL 90061 (W.D. Tex. Jan. 8, 2026); Silva v. Bondi, No. 1:25-cv-2155-DAE, 2026 WL 90060 (W.D. Tex. Jan. 12, 2026). The Court also finds that, to the extent an administrative exhaustion requirement would

normally apply in this situation, "[b]ecause Respondents argue the detention of Petitioner is mandatory, claiming no one, including the [immigration judge], can review the detention issue, any attempt to require Petitioner to exhaust any administrative remedies [would be] futile." See Lorenzo C. P., v. Noem, No. 1:25-CV-181, 2025 WL 3684859, at *5 (S.D. Tex. Oct. 31, 2025); see also Shi v. Lyons, No. 1:25-CV-274, -- F. Supp. 3d --, 2025 WL 3637288, at *4 n.6 (S.D. Tex. Dec. 12, 2025); (Dkt. # 6 at 1 (asserting that Petitioner is ineligible for bond before an immigration judge)).

## II. The Merits of the Petition for Writ of Habeas Corpus

Having concluded that it has jurisdiction over Petitioner's claims, the Court turns to the merits of Petitioner's habeas petition. Because the Court finds that Petitioner's detention violates his right to procedural due process under the Fifth Amendment of the United States Constitution, it does not reach Petitioner's other bases for relief. [3] The Court's analysis proceeds in two steps: first, the Court

---

[3] To the extent Federal Respondents argue that the Fifth Circuit's recent decision in Buenrostro-Mendez v. Bondi, --- F.4th ---, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026), prevents this Court's review of the Petitioner's due process claims, the Court, like other courts that have considered the question, finds such an argument unpersuasive. See Valencia Reyes v. Noem, et al., No. SA-25-CA-01921-XR, Dkt. # 7, at *6–8 (W.D. Tex. Feb. 25, 2026) (collecting cases). Indeed, the Fifth Circuit's decision was limited only to that petitioner's statutory interpretation arguments and did not reach any issue of whether a petitioner's detention violated the Fifth Amendment. See Buenrostro-Mendez, 2026 WL 323330. The Government acknowledged as much in their oral arguments by stating: "We have one issue before the Court now: the statutory question. . . .

will discuss whether and to what extent procedural due process applies to Petitioner; and second, the Court will analyze whether Petitioner's due process rights were violated.

First, the Court concludes that Petitioner is entitled to due process protections. The Fifth Amendment's Due Process Clause prevents the Government from "depriv[ing]" any "person . . . of liberty . . . without due process of law." U.S. CONST. amend. V. This right is not limited to United States citizens; noncitizens are similarly entitled to due process under the Fifth Amendment. Trump v. J. G. G., 604 U.S. 670, 673 (2025); Demore v. Kim, 538 U.S. 510, 523 (2003). "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." Zadvydas v. Davis, 533 U.S. 678, 690 (2001) (citing Foucha v. Louisiana, 504 U.S. 71, 80 (1992)). Petitioner's case does not materially differ from those that this Court has recently considered and determined that procedural due process protections apply. See Gomez-Gonzalez v. Vergara, No. 5:26-CV-598-DAE, 2026 WL 594364 (W.D. Tex. Feb. 27, 2026); Acosta Espana v. Ortega, No. 1:26-CV-00300-DAE, 2026 WL 594362 (W.D. Tex. Mar. 2, 2026); Guzman

---

There's not, in other words, a due process claim here." Oral Argument, Buenrostro-Mendez, 2026 WL 323330, at 44:56–45:11 (5th Cir. Feb. 3, 2026), available at https://www.ca5.uscourts.gov/OralArgRecordings/25/25-20496_2-3-2026.mp3.

Sanchez v. Bondi, No. 1:26-CV-00379-DAE, 2026 WL 594365 (W.D. Tex. Feb. 27, 2026); JAIRO ENRIQUE RAGA ALEMAN, Petitioner, v. HOMAN, et al., Respondents. Additional Party Names: Beatriz Adriana Aleman Lopez, No. 1:26-CV-00529-DAE, 2026 WL 752450 (W.D. Tex. Mar. 16, 2026). Accordingly, for the reasons described in the Court's prior orders, Petitioner may bring a procedural due process claim.

Having found that Petitioner is entitled to due process protection under the Fifth Amendment, the Court turns to whether Petitioner's arguments are meritorious. "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" Mathews, 424 U.S. at 333 (quoting Armstrong v. Manzo, 380 U.S. 545, 552 (1965)). "To determine whether a civil detention violates a detainee's due process rights, courts apply the three-part test set forth in Mathews[.]" Martinez v. Noem, No. 5:25-cv-1007-JKP, 2025 WL 2598379, at *2 (W.D. Tex. Sept. 8, 2025). Those factors are: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." Mathews, 424 U.S. at 335.

The first factor weighs heavily in Petitioner's favor. "'The interest in being free from physical detention' is 'the most elemental of liberty interests.'" Martinez v. Noem, 2025 WL 2598379, at *2 (W.D. Tex. Sept. 8, 2025) (quoting Hamdi v. Rumsfeld, 542 U.S. 507, 529 (2004)). In this case, Petitioner lived his life in the United States for over seven years prior to his recent detention. He is employed, is married to a US Citizen, and has no criminal convictions. "The Supreme Court has repeatedly affirmed that '[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception.'" Hernandez-Lara v. Lyons, 10 F.4th 19, 27 (1st Cir. 2021) (citing United States v. Salerno, 481 U.S. 739, 755 (1987)). This interest "deserves great weight and gravity" and thus weighs heavily in Petitioner's favor. See Vieira, 806 F.Supp.3d at 701.

On the second factor, courts consider "whether the challenged procedure creates a risk of erroneous deprivation of individuals' private rights and the degree to which alternative procedures could ameliorate these risks." Martinez v. Noem, 2025 WL 2598379, at *3 (quoting Gunaydin v. Trump, 784 F.Supp.3d 1175, 1187 (D. Minn. 2025)). Here, there is a high risk of erroneous deprivation of Petitioner's liberty since he is being detained without the opportunity for an individualized bond hearing, depriving him of the ability to contest the reasonableness of his detention. See Vieira, 806 F.Supp.3d at 701 ("The risk lies in

the automatic continued deprivation of liberty . . ."). There would be significant value added by additional safeguards, such as a bond hearing or pre-detention notice, that would reduce the likelihood of an erroneous loss of liberty. Thus, this factor also weighs in Petitioner's favor.

The third factor is the Government's interest. See Mathews, 424 U.S. at 335. The Government has a legitimate interest "in ensuring that noncitizens appear for their removal hearings and do not pose a danger to the community." Lopez-Arevelo, 801 F.Supp.3d at 686–87. But such an interest could be adequately protected through individualized bond hearings—process that the Government finds unnecessary. As another court in this District stated: "Respondents make no meaningful representation that the burden of providing this additional increment of process is beyond their ability. Instead, they only maintain that due process does not require it." Valencia Reyes v. Noem et al., No. 5:25-cv-1921-XR, at *25 (W.D. Tex. Feb. 25, 2026). Accordingly, as applied to this Petitioner, this factor is neutral.

In weighing all three factors, the Court finds the scale tips in Petitioner's favor; thus, Petitioner's detention without an opportunity to challenge his detention through an individualized assessment violates his right to procedural due process under the Fifth Amendment of the United States Constitution.

III. Appropriate Relief

On the issue of appropriate relief, the Court is persuaded that it need not depart from the "typical remedy" in habeas cases challenging the lawfulness of detention, which "is, of course, release." See Munaf v. Geren, 553 U.S. 674, 693 (2008). Further, ordering a bond hearing under these circumstances would require the Immigration Judge to do that which he believes he lacks authority to do following Matter of Yajure Hurtado, 29 I&N Dec. 216, 220 (BIA 2025). The Court instead finds that the more appropriate remedy here is release. See Azua-Zuniga v. Bondi et al., No. 1:26-cv-287-RP (W.D. Tex. Feb. 20, 2026) (finding support for the same remedy under similar circumstances); Valencia Reyes, No. SA-25-CA-01921-XR, Dkt. # 7, at 25 (same); Longoria Mendoza, No. 5:26-CV-0728-JKP, Dkt. # 9, at *17–18 (same).

Indeed, the Court notes its agreement that bond hearings are "no substitute for the requirement that ICE engage in a 'deliberative process prior to, or contemporaneous with,' the initial decision to strip a person of the freedom that lies at the heart of the Due Process Clause." Cruz-Reyes v. Bondi, No. 5:26-cv-60, 2026 WL 332315, at *6 (S.D. Tex. Feb. 3, 2026) (quoting Gonzalez v. Joyce, No. 25 Civ. 8250, 2025 WL 2961626 (S.D.N.Y. Oct. 19, 2025)). "The suggestion that government agents may sweep up any person they wish without consideration of dangerousness or flight risk, so long as the person will, at some unknown future

date, be allowed to ask some other official for his or her release, offends the ordered system of liberty that is the pillar of the Fifth Amendment." Gonzalez, 2025 WL 2961626, at *5.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Petition for Habeas Corpus. (Dkt. # 1.) It is **ORDERED** that:

1. Respondents are **DIRECTED** to **RELEASE** Petitioner Andres Itzep-Chan from custody, under conditions of release no more restrictive than those in place prior to the detention at issue in this case, to a public place by **no later than 5:00 p.m. on September 20, 2026**. Respondents are further **ORDERED** to return Petitioner's identification documents, immigration documents, and personal belongings to him upon release.

2. Respondents must **NOTIFY** Petitioner's counsel by email (lucia@kinzlerimmigration.com) of the exact location and exact time of Petitioner's release as soon as practicable and **no less than two hours before his release**.

3. Respondents are enjoined from further detaining Petitioner without first conducting a bond hearing, scheduled with notice to Petitioner's attorneys and set at a date agreed upon by both parties. At such a hearing, Respondents bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Petitioner's detention.

4. Respondents shall **FILE** a status report no later than **6:00 p.m. September 21, 2026**, detailing their compliance with this Order.

**IT IS SO ORDERED**.

**DATED**: Austin, Texas, September 18, 2026.

_______________________________
David Alan Ezra
Senior United States District Judge